12-1460-cv
*Warren v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand thirteen.

PRESENT:

        GUIDO CALABRESI,
        DEBRA ANN LIVINGSTON,
        GERARD E. LYNCH,
        *Circuit Judges.*

_____

Daniel T. Warren,

        *Plaintiff-Appellant*,

        v.                                    12-1460-cv

United States of America, individually, and as trustee of the goods, credits and chattels of the federally recognized Indian nations and tribes situated in the State of New York, Lynn Scarlett, in her official capacity as Acting Secretary of the United States Department of the Interior, James Cason, in his official capacity as the Acting Assistant Secretary of the Interior for Indian Affairs, United States Department of the Interior, Philip N. Hogen, in his capacity as Chairman of the National Indian Gaming Commission, National Indian Gaming Commission, George E. Pataki, as Governor of the State of New York, Cheryl Ritchko-Buley, as Chairwoman, of the New York State Racing and Wagering Board, Dirk Kempthorne, in his official capacity as Secretary of the United States Department of the Interior,

        *Defendants-Appellees*.

_____

FOR APPELLANT:                    Daniel T. Warren, *pro se*, West Seneca, NY.

FOR APPELLEES:                    Ignacia S. Moreno, Assistant Attorney General, Gina L. Allery and
                                  Allen M. Brabender, Attorneys, United States Department of Justice,
                                  Washington, D.C.; Barbara D. Underwood, Solicitor General, Andrew
                                  D. Bing, Deputy Solicitor General, Peter H. Schiff, Senior Counsel,
                                  Robert M. Goldfarb, Assistant Solicitor General of Counsel, *for* Eric
                                  T. Schneiderman, Attorney General of the State of New York, Albany,
                                  NY.

FOR AMICUS:                       Riyaz A. Kanji, Kanji & Katzen, PLLC, Ann Arbor, Michigan, and
                                  Carol E. Heckman and David T. Archer, Harter Secrest & Emery LLP,
                                  Buffalo, NY *for* amicus curiae Seneca Nation of Indians in Support of
                                  Appellee United States of America.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Daniel T. Warren appeals from the district court's judgment dismissing his amended complaint for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and denying him leave to file a second amended complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court decision dismissing a complaint pursuant to Rule 12(b)(1) or 12(b)(6). *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Normally, this Court reviews denials of motions for leave to amend for abuse of discretion, except where, as here, the denial is based on a ruling of law, in which case the Court's review is *de novo*. *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 88 (2d Cir. 2011).

2

After an independent review of the record and relevant case law, we conclude that the district court properly dismissed Appellant's amended complaint for lack of jurisdiction and denied Appellant leave to amend for substantially the same reasons articulated by the district court judge in his well-reasoned decision analyzing the amended complaint and the proposed second amended complaint. Our reasoning, however, differs from the district court's in one key respect.

The district court dismissed Plaintiff's 10th Amendment claim for lack of standing, reasoning that Warren could not demonstrate an injury-in-fact "because the cited IGRA provisions are not violative of the Tenth Amendment." Whether the challenged provisions actually contravene the 10th Amendment is not itself relevant to the threshold standing inquiry because, "the question whether a plaintiff states a claim for relief goes to the merits in the typical case, not the justiciability of a dispute, and conflation of the two concepts can cause confusion." *Bond v. United States*, 131 S. Ct. 2355, 2362 (2011) (internal quotation marks and citation omitted). "The injury in fact required to support constitutional standing is 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Donoghue v. Bulldog Investors Gen. P'ship*, 696 F.3d 170, 175 (2d Cir. 2012) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Here, Warren lacks standing because his claim that IGRA "compelled [state officials] to enter into agreements that are prohibited by state law" amounts to little more than an allegation that his Government is violating the law. *See Allen v. Wright*, 468 U.S. 737, 755 (1984) (noting that individuals have "no standing to complain simply that their Government is violating the law"). Warren has therefore failed to allege a "concrete and particularized" injury. *Donoghue*, 696 F.3d at 175.

3

We have considered Appellant's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk